Bill **SULLIVAN**, Appellant,

v.

Inez **HAMILTON** et al., Appellees.

Nancy **DOTSON**, Appellant,

v.

Inez **HAMILTON** et al., Appellees.

Court of Appeals of Kentucky.

June 8, 1962.

Charles E. Lowe, Pikeville, for appellant.

Edward R. Hays, Baird & Hays, Pikeville, for appellees.

STANLEY, Commissioner.

These consolidated cases are companions of Darnell v. Hamilton, decided today. The complaints of Bill Sullivan and Nancy Dotson were filed against both Inez Hamilton and her husband, John L. Hamilton, who, it was alleged, owned the automobile being driven by his wife with his consent and authority. On the occasion of the accident Sullivan, a brother-in-law, and Mrs. Dotson, the mother of Mrs. Hamilton, were also guests in the automobile, and they too suffered injuries. We affirmed the judgment rendered upon a directed verdict for the defendant in Mrs. Darnell's case. The trial court also directed a verdict for the defendants in these cases.

The only difference in the two cases is that here Sullivan testified and Mrs. Darnell did not, and a witness, Rush Young, was introduced by the plaintiffs. Mrs. Dotson gave the same testimony in both cases, which was to the effect that the big truck, referred to in the other opinion, turned off in front of the defendants' car without having given a signal. Sullivan testified that the defendants' car passed a passenger automobile, and Mrs. Hamilton blew her horn to signal her passing of the small truck ahead, but it blocked her from going in front of it as she was swinging back to the right side of the road. She could see a long way ahead and no other vehicle was approaching. The driver of the big truck turned across the road, and she ran into it. He testified Mrs. Hamilton did not blow her horn. He had testified in a pretrial deposition that it appeared the big truck "laid over" to let her pass.

Rush Young was driving the passenger car which the defendant first passed. Said he, "She passed me up like a hobo passing up—like a train passing up a hobo." Further, "I never heared no horn." The driver of the big truck, he testified, gave a "signal," which he saw before Mrs. Hamilton started to turn. He did not elaborate.

The additional evidence, it seems to us, fails to establish gross negligence on the part of the defendants. The trial court, therefore, properly directed a verdict for the defendants.

Judgment affirmed.